IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 17-46-RGA |
| | : | |
| TROMAR MAPP, | : | |
| | : | |
| Defendant. | : | |

## **DEFENDANT'S MOTION FOR BIFURCATED TRIAL**[1]

Defendant Tromar Mapp, by and through his attorney, Edson Bostic, Federal Defender for the District of Delaware, respectfully requests that the Court bifurcate the trial in the instant matter, such that the jury first hears all evidence on Counts II through VI and evidence of defendant's possession of a firearm prior to hearing evidence and deciding whether the defendant is a previously convicted felon. In support thereof, it is averred:

1.  On June 6, 2017, the Grand Jury for the District of Delaware returned a six-count Indictment charging Mr. Mapp with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and distribution of heroin, in violation of 21 U.S.C. § 841(A)(1)) and (b)(1)(C) (Counts Three - Six).

2.  In order to prove the crime of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), the government must prove the following elements beyond a

---

[1] Discovery is incomplete and the defense is waiting for the government to provide several search warrants and other documents material to it case. As such, the defense is retaining leave to supplement this motion and/or to file other pretrial motions once full discovery is received.

2

reasonable doubt that:

      a.    the defendant possessed the firearm;

      b.    the possession of the firearm was in or affecting interstate commerce; and

      c.    prior to said possession, the defendant had been convicted of a crime punishable by a term of imprisonment in excess of one year.

3.    In order to prove the crime of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the government must prove beyond a reasonable doubt that:

      a.    the defendant committed a drug trafficking crime, and

      b.    the defendant possessed the firearm in furtherance of that drug trafficking crime.

4.    In order to prove the crime of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that:

      a.    the defendant distributed a mixture and substance containing a controlled substance;

      b.    the defendant distributed the controlled substance knowingly or intentionally; and

      c.    the controlled substance was heroin.

5.    Disclosure to the jury of the defendant's previous conviction will unfairly prejudice the jury in its consideration of Counts II through VI, no element of which requires evidence of a prior conviction.

6.    The Defense asks that all evidence on Counts II through VI and evidence of the defendant's possession of a firearm be presented to the jury prior to the presentation of evidence on Count I. After a verdict is returned as to Counts II through VI, the jury would return to deliberate on the felon element of Count I.

7.      Bifurcation of the felon in possession count from the other charges is a discretionary remedy the Court can employ to safeguard against any potential unfair prejudice.

**WHEREFORE**, for the above-stated reasons and any other reason deemed just, Defendant, Tromar Mapp, hereby moves this Court for an Order bifurcating the trial as requested and described herein.

Respectfully submitted,

Dated: October 2, 2017

/s/ *Edson A. Bostic*
EDSON A. BOSTIC
Federal Public Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE  19801
de_ecf@fd.org

Attorney for Tromar Mapp