RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF DELAWARE

2018 APR 13 AM 8:58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Criminal Action No. 17-46 (RGA) |
| v. : | |
| : | |
| TROMAR MAPP, : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Jennifer K. Welsh and Alexander Mackler, Assistant United States Attorneys for the District of Delaware, and the defendant, Tromar Mapp, by and through his attorneys, Edson Bostic, Esquire and Janet Bateman, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The defendant shall enter a guilty plea to Counts I, II, III, IV, and V of the Indictment. Count I charges him with possession of a firearm by a prohibited person in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). The maximum penalties for Count I are ten years of imprisonment; a $250,000 fine; three years of supervised release; and a $100 special assessment. Count II charges him with possession of a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The maximum penalties for Count II are a mandatory minimum of five years of imprisonment, which must be imposed consecutively to any term of imprisonment imposed on Counts I, III, IV and/or V, up to a lifetime of imprisonment; a $250,000 fine; at least three (3) years of supervised release; and a $100 special assessment. Counts III, IV and V charge him with distribution of

heroin, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C). The maximum penalties for Counts III, IV and V are up to twenty (20) years of imprisonment; a $1,000,000 fine; at least three (3) years of supervised release; and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial on Count I of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements of that offense to which he is pleading guilty: (1) that defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding on year; (2) after that conviction, defendant knowingly possessed the firearm charged in Count I; and (3) that defendant's possession was in or affecting interstate or foreign commerce. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the above-described elements of Count I of the Indictment.

3. The defendant understands that if he were to proceed to trial on Count II of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements of that offense to which he is pleading guilty: (1) the defendant committed a drug trafficking crime that may be prosecuted in a court of the United States; (2) the defendant knowingly possessed a firearm; (3) the possession of the firearm was in furtherance of the defendant's drug trafficking crime. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the above-described elements of Count II of the Indictment.

4. The defendant understands that if he were to proceed to trial on Counts III, IV, or V of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements for each of those offenses to which he is pleading guilty: (1) the defendant knowingly or intentionally distributed a mixture and substance containing a detectible amount of heroin; and (2) the substance was in fact a mixture and substance containing a detectible amount

of heroin. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the above-described elements of Counts III, IV and V of the Indictment.

5. For purposes of sentencing on Counts III, IV, and V, the parties agree that the total amount of heroin the defendant distributed, including relevant conduct, is less than ten grams of a mixture and substance containing a detectible amount of heroin.

6. The United States agrees to recommend a sentence of no more than 40 months imprisonment in connection with Counts I, III, IV and V of the Indictment, to be served consecutively to the minimum mandatory 60-month sentence to be imposed in connection with Count II of the Indictment. The defendant agrees to recommend a sentence of no less than 20 months imprisonment in connection with Counts I, III, IV and V of the Indictment, to be served consecutively to the minimum mandatory 60-month sentence to be imposed in connection with Count II of the Indictment.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two offense level reduction under U.S.S.G. § 3E1.1(a) for the defendant's affirmative acceptance of responsibility is appropriate. If the defendant's offense level is 16 or greater, the United States will recommend an additional one point reduction under U.S.S.G. § 3E1.1(b).

8. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of

counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

9. The defendant acknowledges that he was offered plea agreements in May 2017 and August 2017 that had different terms than this Memorandum of Plea Agreement. The defendant agrees that he reviewed those plea agreements with his counsel, and he rejected them knowingly and voluntarily.

10. The defendant agrees to pay the $500 special assessment on the day of sentencing. If the defendant is incarcerated as part of his sentence, and if defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, defendant agrees to enter voluntarily the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

11. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

12. The defendant agrees to forfeit (1) any and all interests in all firearms and ammunition involved in the commission of the offenses in Counts I and II of the Indictment, including but not limited to a Sig Sauer, model P226, 9-mm pistol, serial number U572174, a magazine, and nineteen rounds of Remington 9 mm ammunition seized from 805 Heritage Drive,

Seaford, Delaware on March 8, 2017; and (2) any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses in Counts III, IV and V of the Indictment, and any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violations (collectively, "the Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so. The defendant further agrees to withdraw any claims submitted during any administrative or judicial forfeiture process regarding the Property.

13. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

14. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant also understands that the ultimate determination of an appropriate sentence will be up to the Court. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

15. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless they comport with the written modification requirements of this Paragraph.

_____ 4/11/18
Edson Bostic
Janet Bateman
Attorney for Defendant

DAVID C. WEISS
United States Attorney

BY: _____
Jennifer K. Welsh
Alexander Mackler
Assistant United States Attorneys

X _____ 4/11/18
Tromar Mapp
Defendant

Dated:

AND NOW, this __14__ day of __May__, 2018, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Richard G. Andrews
United States District Court